**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HIGHWAY 46 HOLDINGS, LLC,**
　　　　　　　　　　**Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-674-Orl-28DAB**

**QUANTIFIED MARKETING GROUP, LLC,**
　　　　　　　　　　**Defendant.**
_____

# ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**　**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MORE COMPLETE RESPONSES (Doc. No. 34)**
>
> **FILED:**　October 13, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. No timely opposition has been filed, and the motion is otherwise due to be granted. Defendant is **ORDERED** to supplement the Rule 26 disclosures and to produce all documents responsive to the discovery requests within eleven days of the date of this Order. Defendant is advised that failure to timely comply with the terms of this Order may result in the imposition of sanctions, which may include monetary sanctions and/or the striking of pleadings and the entry of a default against it.

> **MOTION:**　**MOTION TO WITHDRAW AS ATTORNEY (Doc. No. 35)**
>
> **FILED:**　October 29, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

As counsel has been advised twice before, a corporate entity cannot appear before this Court except through counsel. Although counsel cites to irreconcilable differences, as the Court previously noted in this case: "Absent a compelling ethical prohibition against the representation (and "irreconcilable differences" is not such a reason) counsel may not withdraw unless and until substitute counsel appears." (Doc. No. 33). The renewed motion, which *still* does not comply with Local Rule 3.01(g) (*see* Doc. No. 33), cites to numerous cases in other jurisdictions where courts permitted withdrawal for reasons such as failure to pay legal fees, lack of cooperation or communication with counsel, and the catch all "irreconcilable conflicts."

There is no doubt that the Court has discretion to allow withdrawal in a variety of circumstances. Here, however, as Defendant is an entity that can only appear through counsel, granting the motion, absent appearance by substitute counsel, is the equivalent of rendering Defendant voiceless in this proceeding; a situation that often results in delay and difficulties for the Court and opposing counsel, and, if not timely remedied, in default for the corporation. As the consequences of withdrawal are severe, the Court is well within its discretion in denying the motion, as long as there are no compelling ethical reasons prohibiting representation. The reasons described by counsel here do not rise to that level.

The Rules Regulating the Florida Bar provide, in part:

(a) **When Lawyer Must Decline or Terminate Representation**. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
(1) the representation will result in violation of the Rules of Professional Conduct or law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) the lawyer is discharged;

> (4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
> (5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.
>
> (b) **When Withdrawal Is Allowed**. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (5) other good cause for withdrawal exists.
>
> c) **Compliance With Order of Tribunal**. A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. *When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.*

Rule 4-1.16, Rules Regulating The Florida Bar (emphasis added). The ethical rules do not compel counsel's withdrawal in these circumstances, and the governing tribunal has final say over whether an attorney may withdraw. *See Boudreau v. Carlisle,* 549 So. 2d 1073 (Fla. 4th DCA 1989) (criminal case -- no ethical violation to continue representation when so ordered, despite the existence of a conflict); *Billings, Cunningham, Morgan & Boatwright, P.A. v. Isom,* 701 So.2d 1271, 1272 (Fla. 5th DCA 1997) ("Rule 4-1.16(c) contemplates the situation like this in which a trial court has the authority to order continued representation, even when potential ethical conflicts are presented."). Here, the Court has determined that withdrawal is not appropriate.

The Court is mindful that the circumstances of the case are likely to make it impossible for counsel to respond to scheduling and discovery requirements (including the matters described in the

most recently filed motion [doc. no. 35]), which may result in Plaintiff seeking relief (perhaps even a default). Such a result does not reflect on counsel so long as he has kept his erstwhile client informed of the proceedings and *its* responsibilities and maintains his candor about his inability to respond substantively. The Defendant's failure to abide by obligations to its own counsel should not be permitted to prejudice the Plaintiff or slow the progress of the case. Counsel must continue the representation as best he can, and any adverse consequences resulting from his client's failure to cooperate with existing counsel or to obtain substitute counsel would be attributable to the client, not to counsel.

**DONE** and **ORDERED** in Orlando, Florida on November 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record