**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HIGHWAY 46 HOLDINGS, LLC,**
            **Plaintiff,**

**-vs-**                    **Case No. 6:08-cv-674-Orl-28DAB**

**QUANTIFIED MARKETING GROUP, LLC,**
            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **SECOND MOTION TO COMPEL DISCOVERY (Doc. No. 36)**
>
> **FILED:** October 31, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot, in view of the recommendation herein.

> **MOTION:** **MOTION FOR SANCTIONS (Doc. No. 38)**
>
> **FILED:** November 17, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

According to the Motion for Sanctions, Defendant and Counterclaimant/Third party Plaintiff Quantified Marketing Group, Inc., has failed to comply with a Court Order compelling discovery (Doc. No. 37), has failed to respond to any discovery request, and has failed to respond to the second

motion to compel (Doc. No. 36). The Court notes that Quantified has also failed to respond to the motion for sanctions (Doc. No. 38), and defense counsel has noted his client's apparent unwillingness "to effectively participate in the prosecution/defense of this action." (Doc. No. 35).

In granting the prior motion to compel against Quantified, the Court advised Defendant that: "failure to timely comply with the terms of this Order may result in the imposition of sanctions, which may include monetary sanctions and/or the striking of pleadings and the entry of a default against it." (Doc. No. 37). Despite this warning, Defendant has failed to comply with that Order, provide any discovery, cooperate with its own counsel, or respond to any motion filed by Plaintiff. In view of the above, the Court finds that Quantified has abandoned this action, and sanctions are appropriate.

Plaintiff has suggested that the Court order the entry of a default against Defendant and the striking of its counterclaim/third party claim.

Pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, sanctions including dismissal may be imposed for failure to obey an order to provide or permit discovery. However, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993) (upholding Fed.R.Civ.P. 37(b) sanction of striking defendant's answer and entering default judgment based on defendant's failure to comply with discovery orders). Under the case law, default judgment and dismissal sanctions require a willful or bad faith failure to obey a discovery order. *Malautea,* 987 F.2d at 1542 (internal citations omitted). The sanctions of default judgment and dismissal are "the harshest permitted under Rule 37 and used in circumstances where the party has willfully and wrongfully ignored court orders or otherwise made a conscious decision to obstruct the orderly prosecution of the case. *See Buchman v. Bowman*, 820 F.2d 359, 361

(11th Cir.1997) (Default judgment under Rule 37 is only appropriate in instances where "a party's conduct amounts to a flagrant disregard and willful disobedience of discovery orders.")." *Boswell v. GumBayTay,* 2008 WL 4079287, 4 (M. D. Ala. 2008).

The Court also has authority to dismiss a Counterclaim or Third Party Claim, for failure to prosecute. Rule 41(b) and (c), Federal Rules of Civil Procedure. Additionally, the Court has inherent authority to sanction a party or counsel, under a variety of circumstances, upon a finding of bad faith. *See, generally, In re Sunshine Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006) ("Federal courts have the inherent power to impose sanctions on parties, lawyers, or both.")

Applying the above to the case at hand, the Court finds that Defendant has acted willfully and wrongfully in disobeying the Court order compelling discovery and has made a conscious decision not to prosecute the counterclaim nor defend this action, by failing to provide discovery, failing to respond to two motions to compel discovery, failing to cooperate with its own counsel regarding its discovery and case management obligations, and failing to respond to the motion for sanctions, seeking default and dismissal. The Court also finds that lesser sanctions will not suffice. By Order denying defense counsel's renewed motion to withdraw, the Court expressly noted:

> The Court is mindful that the circumstances of the case are likely to make it impossible for counsel to respond to scheduling and discovery requirements (including the matters described in the most recently filed motion [Doc. no. 35]), which may result in Plaintiff seeking relief (perhaps even a default). Such a result does not reflect on counsel so long as he has kept his erstwhile client informed of the proceedings and its responsibilities and maintains his candor about his inability to respond substantively. The Defendant's failure to abide by obligations to its own counsel should not be permitted to prejudice the Plaintiff or slow the progress of the case. Counsel must continue the representation as best he can, and any adverse consequences resulting from his client's failure to cooperate with existing counsel or to obtain substitute counsel would be attributable to the client, not to counsel.

(Doc. No. 37).

Despite this clear warning, Defendant continued to ignore this case, as evidenced by the failure of Defendant to retain substitute counsel or otherwise cooperate with existing counsel to defend the Complaint and move its own counterclaim/third party complaint forward.  Indeed, Defendant has not even filed an opposition to the motion seeking the ultimate sanction of dismissal and default.  If the explicit threat of dismissal and default is not enough to garner Defendant's attention, the Court finds the imposition of lesser sanctions such as admonishments or monetary sanctions would likewise be ignored.  It is therefore **respectfully recommended** that the Answer and Counterclaim/Third Party Claim be **stricken,** and a default entered against Defendant.  Although Plaintiff references an "attached" proposed  default judgment on the Complaint, the motion contains no such attachment.  Should this report be adopted and confirmed, Plaintiff should be directed to file a properly supported Motion for Entry of Default Judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 8, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy